# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5677 | **DATE** | 3/6/2001 |
| **CASE TITLE** | OCEAN ATLANTIC CHGO CORP vs. KONICEK et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12 APR 01 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, defendant Isenstein-Pasquinelli's motion to dismiss is denied as to Count I and granted as to Count VI of the amended complaint. Count VI is dismissed without prejudice. Plaintiff is given to March 23, 2001 to file a second amended complaint. Defendant Isenstein-Pasquinelli is given to April 10, 2001 to answer or otherwise plead to the second amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 07 2001 | |
| | Notified counsel by telephone. | date docketed | 34 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 3/6/2001 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| JS | courtroom deputy's initials | Date/time received in central Clerk's Office | JS mailing deputy initials |

DOCKETED
MAR 0 7 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCEAN ATLANTIC CHICAGO CORP., )
)
Plaintiff, )
)
v. ) No. 00 C 5677
)
DALE KONICEK, WAYNE KONICEK, )
LOIS KONICEK, and )
ISENSTEIN-PASQUINELLI, L.L.C. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Ocean Atlantic Chicago Corp. ("Ocean Atlantic") filed an amended complaint asserting two counts against defendant Isenstein-Pasquinelli, L.L.C. (Isenstein-Pasquinelli), whom this court allowed to intervene in this litigation. Count V states a claim for tortious interference with contract, and Count VI states a claim for tortious interference with prospective economic advantage. Defendant Isenstein-Pasquinelli filed a motion to dismiss Ocean Atlantic's amended complaint, arguing that Ocean Atlantic had not sufficiently alleged that a contract had been formed between Ocean Atlantic and defendants Dale, Wayne, and Lois Konicek ("the Koniceks"), and that Ocean Atlantic had not sufficiently alleged that Isenstein-Pasquinelli engaged in intentional, wrongful, or unlawful conduct. Although Isenstein-Pasquinelli did not state what rule the motion was filed under, this court construes the motion as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Ocean Atlantic filed a motion to deny the motion to dismiss or to enlarge the briefing schedule,

1

arguing that the Konicek defendants have admitted that pretrial discovery is necessary on the contract claims, and that discovery is therefore also necessary on the tortious interference claims. On February 8, 2001, this court denied Ocean Atlantic's motion to deny the motion to dismiss as to Counts V and VI, but granted Ocean Atlantic an extension of time in which to respond to Counts V and VI. In so ruling, this court held that Ocean Atlantic had sufficiently alleged the existence of a valid enforceable contract between Ocean Atlantic and the Koniceks and thus denied Isenstein-Pasquinelli's motion to dismiss as to Counts I through IV, and instructed Ocean Atlantic to respond only to Isenstein-Pasquinelli's argument that Ocean Atlantic had failed to allege that Isenstein-Pasquinelli engaged in intentional and unjustifiable inducement of the breach of that contract. Ocean Atlantic has responded to that argument, and Isenstein-Pasquinelli has replied. For the following reasons, Isenstein-Pasquinelli's motion to dismiss Counts V and VI of Ocean Atlantic's amended complaint is DENIED as to Count V and GRANTED as to Count VI.

## BACKGROUND

The facts, as alleged in Ocean Atlantic's amended complaint and presumed to be true for purposes of this motion, are as follows. The Koniceks are the owners of approximately 157 acres of land located in Kendal County, Illinois ("the property"). In March of 2000, Ocean Atlantic became aware of the Koniceks' desire to sell the property and conveyed an interest in purchasing the property to them. Ocean Atlantic and the Koniceks entered into negotiations for the property. After three months of negotiations, on May 24, 2000, Ocean Atlantic tendered a written letter offer to purchase the property ("letter agreement"). On May 31, 2000, the Koniceks accepted the offer in writing by affixing their individual signatures and returning executed copies to Ocean Atlantic. The letter offer was returned to Ocean Atlantic with a letter from the Koniceks' attorney and a certificate of liability

2

insurance coverage. This court accepts for purposes of this motion that upon the Koniceks' acceptance of the offer, it became a lawful and binding contract.

The letter agreement contemplated the eventual execution of a "more formal" contract of purchase and sale, but contained all the elements of the terms of the bargain struck between Ocean Atlantic and the Koniceks. In reliance on the contract, Ocean Atlantic has expended significant sums of money to engage consultants, planners, engineers, and attorneys in preparation for the purchase of the property. On June 21, 2000, Ocean Atlantic delivered the formal contract of purchase and sale to the Koniceks. The Koniceks failed and refused to sign the formal contract.

Melvin Isenstein, a member of Isenstein-Pasquinelli, despite knowing that the Koniceks and Ocean Atlantic had executed a contract and had endeavored to execute a formal contract of purchase and sale, and that Ocean Atlantic had begun incurring costs in developing the property, offered the Koniceks $500,000 more than the purchase price contained in the contract between Ocean Atlantic and the Koniceks. In so doing, Isenstein advised the Koniceks that their contract with Ocean Atlantic was not binding and agreed to pay the Koniceks' legal fees in the event Ocean Atlantic sued them over the sale. On August 8, 2000, Ocean Atlantic received a letter from the Koniceks' counsel advising Ocean Atlantic that the Koniceks had received an offer from a third party to purchase the property for approximately $500,000 more than the contract price. On August 21, 2000, the Koniceks and Isenstein-Pasquinelli executed a "Real Estate Sales Contract" and "Rider to Real Estate Sales Contract" which purports to be a contract for the purchase and sale of the property for $500,000 more than the purchase price contained in the contract between Ocean Atlantic and the Koniceks.

Ocean Atlantic alleges that Isenstein-Pasquinelli knowingly induced the Koniceks to breach their contract with Ocean Atlantic and that their Isenstein-Pasquinelli's conduct was wrongful and

3

unjustified. In the alternative, Ocean Atlantic alleges that Isenstein-Pasquinelli was aware of the impending contract between Ocean Atlantic and the Koniceks and induced the Koniceks to ignore their obligations to Ocean Atlantic, thereby tortiously interfering with Ocean Atlantic's prospective economic advantage from the Konicek deal. Ocean Atlantic alleges that as a result of Isenstein-Pasquinelli's behavior, it has suffered $3.9 million in damages.

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the court must presume all of the well-pleaded allegations of the complaint to be true. Miree v. DeKalb County, 433 U.S. 25, 27 n.2, 97 S. Ct. 2490, 2492 n.2 (1977). The court must view those allegations in the light most favorable to the Ocean Atlantic. Gomez v. Illinois State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal under Rule 12 (b)(6) is proper only if it appears "beyond doubt that the Ocean Atlantic can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); see also Panares v. Liquid Carbonic Industries Corp., 74 F.3d 786, 791 (7th Cir. 1996).

## ANALYSIS

I. Count V: Tortious Interference with Contract

Ocean Atlantic alleges that Isenstein-Pasquinelli intentionally and unjustifiably induced the Koniceks to breach their contract with Ocean Atlantic. To sustain a claim for tortious interference of a contract or business relationship, the plaintiff must show: 1) the existence of a valid and enforceable contract between the plaintiff and another, 2) the defendant's awareness of this contractual relationship, 3) defendant's intentional and unjustified inducement of a breach of the contract which causes a subsequent breach by the other, and 4) damages. HPI Health Care v. Mt. Vernon Hospital, Inc., 131 Ill. 2d 145, 545 N.E.2d 672, 676 (1989). As explained above, Isenstein-Pasquinelli addressed its

motion to dismiss both to the lack of a valid and enforceable contract and to Ocean Atlantic's failure to plead "intentional and unjustified inducement" of a breach of the contract. This court concluded that Ocean Atlantic has properly pled the existence of a valid and enforceable contract, Isenstein-Pasquinelli's awareness of that contract, and damages. The only question addressed in this motion, then, is whether Ocean Atlantic sufficiently alleged Isenstein-Pasquinelli's intentional and unjustified inducement of the Koniceks' breach of their contract with Ocean Atlantic.

Isenstein-Pasquinelli argues that Ocean Atlantic's complaint fails to state a claim for tortious interference with contract because Ocean Atlantic has merely alleged that Isenstein-Pasquinelli was pursuing its own business objectives and not that it engaged in fraud or deciept. In so arguing, Isenstein-Pasquinelli mis-states and mis-applies the law of tortious interference with contract in Illinois. Isenstein-Pasquinelli argues that it is protected by a privilege to compete with Ocean Atlantic for the purchase of the property. However, the case law Isenstein-Pasquinelli cites does not support that position. In fact, Illinois law does not recognize a privilege of competition as a defense to the tortious interference with contract. Illinois law does extend the privilege of competition to the tort of interference with a prospective business relation or economic advantage, but does not apply the privilege to the tort of interference with a contractual relation. Soderlund Bros., Inc. v. Carrier Corp., 663 N.E.2d 1, 7, 278 Ill. App. 3d 606, 615 (1st Dist. 1995) (citing Galinski v. Kessler, 480 N.E.2d 1176, 1182, 134 Ill. App. 3d 602, 610 (1st Dist. 1985)) ("Unlike the right to receive the benefits of a contract, the right to engage in a business relationship is not absolute, and must be exercised with regard to the rights of others"); Belden Corp. v. InterNorth, Inc., 90 Ill. App. 3d 547, 551, 413 N.E.2d 98, 101 (1st Dist. 1980) ("The sacrosanct contractual relation takes precedence over the conflicting rights of any presumptive interferor, including his right to compete and his own prospective advantage");

5

Restatement (Second) of Torts § 768, Comment a, at 39 (1979)).

The cases Isenstein-Pasquinelli cites in support of the proposition that the competitor's privilege defense applies to tortious interference with contract under Illinois law do not support that position. In <u>HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.</u>, 545 N.E.2d 672, 131 Ill. 2d 145 (1989), the Supreme Court of Illinois held that courts will recognize a privilege in intentional interference with contract cases where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's contractual rights. <u>Id.</u> at 677, 131 Ill.2d at 156. Here, however, neither Ocean Atlantic's complaint nor Isenstein-Pasquinelli's motion to dismiss suggests that Isenstein-Pasquinelli was acting to protect an interest deemed to be of equal or greater value than Ocean Atlantic's contractual right to purchase the property. In fact, Ocean Atlantic's complaint alleges just the opposite -- that Ocean Atlantic had a legally enforceable contractual right to purchase the property and that Isenstein-Pasquinelli had a mere hope to purchase it. This court is assuming for purposes of this motion that Ocean Atlantic did have a contractual right to purchase the property from the Koniceks. In opposition to that right, Isenstein-Pasquinelli asserts only a right to compete. Illinois law is unambiguous in holding that Ocean Atlantic's alleged contractual rights trump Isenstein-Pasquinelli's right to compete. See <u>Soderlund</u>, 663 N.E.2d at 7, 278 Ill. App. 3d at 615.

Nor do any other cases cited in Isenstein-Pasquinelli's motion to dismiss support its position. In <u>Supreme Sav. & Loan Ass'n v. Lewis</u>, 264 N.E.2d 857, 130 Ill. App. 2d 16 (1st Dist. 1970), the court relied upon the 1939 version of the Restatement of Torts, which weighed various factors to determine whether a competitor had wrongfully induced a breach of contract. That test did not distinguish between tortious interference with contract and tortious interference with economic advantage, and is no longer the law in Illinois. Illinois courts have now made clear that the two torts are distinct and have

different elements and different applicable privilege defenses. See e.g., Soderlund Bros., Inc. v. Carrier Corp., 663 N.E.2d 1, 8, 278 Ill. App. 3d 606, 615-16 (1st Dist. 1995) (collecting cases). In American Broadcasting Co. v. Maljack Productions, Inc., 34 F. Supp. 2d 665, 675 (N.D. Ill. 1998), the court held that the defendant was privileged to interfere with a contract because it was acting in good faith to protect its copyright interest in the footage at issue. Isenstein-Pasquinelli has asserted and Ocean Atlantic's complaint reveals no such interest on the part of Isenstein-Pasquinelli. Finally, in Ballis v. Mobil Oil Corp., 622 F. Supp. 473 (N.D. Ill. Sep. 1985), the court ruled on an interference with prospective business relationship claim. Though the parties had a previous contract and the complaint was fashioned as an interference with business relationship claim, the linchpin of the court's ruling was that "plaintiff had no enforceable right to remain on the premises after the expiration of its lease." Id. at 477. Here, of course, this court is assuming for purposes of this motion that Ocean Atlantic did have a legally enforceable right to purchase the property.

Isenstein-Pasquinelli argues that Ocean Atlantic has failed to allege facts from which it can be inferred that Isenstein-Pasquinelli acted unjustifiably. However, in Illinois, "unjustified" behavior means only behavior that is inconsistent with a privilege. See Roy v. Coyne, 630 N.E.2d 1024, 1033, 259 Ill. App. 3d 269, 283 (1st Dist. 1994). Where there is no recognized statutory or common law privilege apparent from the face of the complaint, "it is not the duty of the plaintiff to plead and prove lack of justification, but it becomes the defendant's burden to plead and prove the privilege as an affirmative matter, for there may be no way for a plaintiff to know in advance whether the defendant enjoys a privilege or, indeed, whether he will ever claim that he does." Id. at 1033-34, 259 Ill. App. 3d at 283-84. Here, the only possible "privilege" apparent from the face of Ocean Atlantic's complaint is the privilege to compete. As explained, Illinois law does not recognize the privilege to compete as

a defense to tortious interference with a contract. Accordingly, there is no recognized statutory or common law privilege to tortiously interfere with contract apparent from Ocean Atlantic's complaint and Ocean Atlantic has no burden to allege facts which show that Isenstein-Pasquinelli's acts were not justified. Ocean Atlantic has alleged that Isenstein-Pasquinelli "knowingly induced the Koniceks to breach their contract with Ocean Atlantic, and that the inducement was "wrongful and unjustified." (Am. Comp. ¶ 51). That allegation is sufficient to survive a motion to dismiss Count V, Ocean Atlantic's tortious interference with contract claim against Isenstein-Pasquinelli.

II.  Count VI: Tortious Interference with Prospective Economic Advantage

In the alternative to Count V, Ocean Atlantic asserts a claim for interference with prospective economic advantage, alleging that Ocean Atlantic had a reasonable expectation of executing a "more formal contract" with the Koniceks, that Isenstein-Pasquinelli was aware of that expectation, that Isenstein-Pasquinelli knowingly induced the Koniceks to terminate their relationship with Ocean Atlantic, and that the inducement was wrongful and unjustified. Under Illinois law, to prevail on a claim of tortious interference with prospective economic advantage, a plaintiff must prove: (1) a reasonable expectation of entering into (or continuing) a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference. Dowd & Dowd, Ltd. v. Gleason, 693 N.E.2d 358, 370, 181 Ill. 2d 460, 484 (Ill. 1998). However, there are some "purposeful or intentional interferences" with economic advantage that are not actionable. "[O]ne may not simply sue any competitor who lures away customers." Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 546 N.E.2d 33, 36 190 Ill. App. 3d 524, 528 (2d Dist. 1989). Thus, in Illinois there is a "privilege of competition" to the tort

8

of tortious interference with prospective economic advantage that "allows one to divert business from one's competitors generally as well as one's particular competitors provided one's intent is, at least in part, to further one's business and is not solely motivated by spite or ill will." Soderlund Brothers, Inc. v. Carrier Corp., 663 N.E.2d 1,8, 278 Ill. App. 3d 606, 615 (1st Dist.1995); see Restatement (Second) of Torts § 768 (1979). However, if the acts of competition include "wrongful conduct" such as "fraud, deceit, intimidation, or deliberate disparagement," they are not protected by the privilege. Soderlund, 663 N.E.2d at 8, 278 Ill. App. 3d at 615.

Isenstein-Pasquinelli argues that Ocean Atlantic has not sufficiently stated a claim for tortious interference with prospective economic advantage because Ocean Atlantic's complaint does not allege that Isenstein-Pasquinelli was solely motivated by spite or ill will, nor that its acts were fraudulent or wrongful. Unlike with tortious interference of contract, the privilege of competition is available as a defense to tortious interference with prospective economic advantage. That privilege is apparent from the face of Ocean Atlantic's complaint, which alleges that Ocean Atlantic was negotiating in good faith and had agreed to purchase the property from the Koniceks until Isenstein-Pasquinelli offered the Koniceks $500,000 more than the purchase price in Ocean Atlantic's contact, advised the Koniceks that their contract with Ocean Atlantic was not binding, and offered to pay the Koniceks' legal fees in the event Ocean Atlantic sued the Koniceks. Once the existence of a privilege is clear, the plaintiff bears the burden of pleading facts rebutting the privilege by setting forth factual allegations from which it can be inferred that defendant's conduct was unjustified. Straka v. Francis, 867 F. Supp. 767 (N.D. Ill. 1994). Conclusory statements are insufficient; the plaintiff must show intentional interference. Id. Specifically, Ocean Atlantic must plead that Isenstein-Pasquinelli engaged in acts of competition which are not privileged. Those acts, as noted above, include fraud, deceit, intimidation or deliberate

disparagement. Soderlund, 663 N.E.2d at 8, 278 Ill. App. 3d at 615.

Ocean Atlantic argues that its amended complaint properly alleges "wrongful conduct" by alleging that Isenstein-Pasquinelli agreed to "sponsor" the litigation necessary to "wrestle" the property from Ocean Atlantic after Ocean Atlantic had spent months consummating the purchase. (Am. Comp. ¶ 29, 32). Ocean Atlantic cites no case law in support of the position that an offer to indemnify in the event of legal problems amounts to wrongful conduct. An agreement to indemnify acknowledges only the possibility that another party may see the indemitee's conduct as wrongful, not that the indemnitor acted wrongfully. Ocean Atlantic also does not allege facts which rise to the level of any other wrongful acts recognized by Illinois law. Ocean Atlantic does not allege that Isenstein-Pasquinelli engaged in fraud or defamation in offering to purchase the property from the Koniceks for a higher price than offered by Ocean Atlantic. Accordingly, Ocean Atlantic's conclusory allegations that Isenstein-Pasquinelli's conduct was "wrongful and unjustified" is insufficient to overcome the privilege of competition. Ocean Atlantic has not alleged that Isenstein-Pasquinelli engaged in any acts which are not protected by the competitor's privilege. For that reason, Count VI, claiming tortious interference with prospective economic advantage, must be dismissed.

## CONCLUSION

For the reasons stated, defendant Isenstein-Pasquinelli's motion to dismiss is DENIED as to Count V of Ocean Atlantic's amended complaint and GRANTED as to Count VI of Ocean Atlantic's amended complaint. Count VI of Ocean Atlantic's amended complaint is dismissed without prejudice. Ocean Atlantic is granted leave to file a second amended complaint consistent with this court's order no later than March 23, 20001. Isenstein-Pasquinelli is ordered to answer or otherwise plead to Ocean Atlantic's second amended complaint no later than April 10, 2001. The parties are strongly urged to

discuss settlement of this case. This case is set for report on status on Thursday, April 12, 2001 at 9:00 a.m..

                                ENTER:

                                *James F. Holderman*
                                JAMES F. HOLDERMAN
                                United States District Judge

DATE: March 6, 2001